UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE ONEY,

    Plaintiff,

v.                                                     Case No. 8:24-cv-326-SPF

GARBER COMMUNITIES, INC.; GARBER
COMMUNITY, LLC; HOLIDAY SPRINGS
RV, LLC; and LAMONT GARBER,

    Defendants.
_____/

**<u>ORDER</u>**

This cause comes before the Court upon the parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. 27). The parties request that the Court approve the settlement of Plaintiff's claim under the Fair Labor Standards Act ("FLSA") and dismiss the case with prejudice (*Id.*).

Neither the motion nor the Settlement Agreement include affidavits or exhibits detailing the number of hours Plaintiff's counsel worked on this case, the description of the work done for those hours, and what hourly rates were used to calculate reasonable fees. Similarly, the motion does not indicate that the attorney's fees and costs were negotiated separately and apart from Plaintiff's recovery, such that a reasonableness review is not necessary. *See Bonetti v. Embarq Mgt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) ("[I]f the parties submit a proposed FLSA settlement that . . . represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."). Without that information, the Court cannot scrutinize

the reasonableness of the attorney's fees and costs awarded under the settlement agreement.[1] The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). The "FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of [the] FLSA's provisions . . . . To turn a blind eye to [a] . . . fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to [the] FLSA's provisions for compensating the wronged employee." *Id.* at 351–52 (emphasis and alterations added; citations omitted). For the same reason, the parties cannot stipulate that the fee Plaintiff's counsel will receive is fair and reasonable.

Accordingly, Plaintiff is directed to supplement the parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. 27) with either: (1) affidavits or exhibits detailing the number of hours Plaintiff's counsel worked on this case, the description of the work done for those hours, and Plaintiff's counsel's hourly rates; or (2) a statement confirming that the attorney's fees were negotiated separately and apart from Plaintiff's recovery. Plaintiff shall file this supplement to the joint motion on or before August 28, 2024.

**ORDERED** in Tampa, Florida, on August 14, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

[1] While the parties represent that this number "approximates the fees stated in Plaintiff's Answers to Court Interrogatories before the additional time and expense of preparing for and participating in mediation, preparation of this Agreement, and overseeing the conclusion of this case[,]" the interrogatory response similarly does not contain any description of the work done for those hours (Doc. 21).